UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS AMEIKA *et al.*, | : |
| | : |
| Plaintiffs | CIVIL ACTION NO. 3:12-1460 |
| | : |
| v. | |
| | :    (JUDGE MANNION) |
| KEITH MOSS *et al*., | |
| | : |
| Defendants | : |

**M E M O R A N D U M**

Pending before the court is plaintiffs' motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 35). For the following reasons, the motion is **DENIED**.

**I.    BACKGROUND**

Plaintiffs brought this case pursuant to 28 U.S.C. §1983 alleging that the defendants violated plaintiff's constitutional rights to property by failing to take action to prevent flooding to plaintiffs' properties. (Doc. No. 1). On November 1, 2013, the court dismissed plaintiff's constitutional claims, finding that, taking all of the allegations as true, the complaint did not create a plausible case for relief under §1983. The court determined that amending the complaint would be futile, as, based on plaintiff's allegations, there are no viable constitutional claims by which to invoke federal jurisdiction, but rather, claims for negligence. The court also declined to exercise supplemental

jurisdiction over the state law claims. (Doc. No. 34). Plaintiffs brought the instant motion to amend or alter that decision. (Doc. No. 35).

**II.   STANDARD OF REVIEW**

A movant's burden to succeed on a motion to alter or amend a judgment is a heavy one. In re Burns and Roe Enterprises, Inc., 2009 WL 1372251 (D.N.J. May 15, 2009). The purpose of a Rule 59(e) motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)(*quoting* Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A Rule 59(e) motion must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis,591 F.3d, at 669 (*citing* N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration under Rule 59(e) cannot be premised on the same arguments presented in the complaint. McAdory v. Warden Lewisburg USP, 2013 WL 5835465, at *2 (3d Cir. Oct. 31, 2013)(*citing* Lazaridis,591 F.3d, at 669).

**III.   DISCUSSION**

Plaintiffs argue for amendment or reconsideration on two grounds: (1) that it was plain error not to allow plaintiffs to amend, and that they should be

2

allowed to file an amended complaint to include "previously omitted matters of public record and 'undisputedly authentic' documents," and (2) that this court was in error to decide the motion for judgment on the pleadings because the court impermissibly weighed the allegations of the complaint.

Denial of Leave to Amend

The court is aware that generally, it should grant leave to amend a complaint before dismissing it as merely deficient. *See*, *e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Dismissal without leave to amend is justified, however, "on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Here, as the court noted in its decision, amendment would be futile. The plaintiffs' claims amount to allegations that the defendants should have done more to protect plaintiffs' properties from flooding. (*See* Doc. No. 1). At most, these are claims for negligence, and do not establish the elements that must be established to make out a claim for substantive due process violations under the "state created danger" theory. Plaintiffs must adequately allege, among other elements, that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Kaucher v. County of Bucks, 455 F.3d 418, 431 (3d Cir. 2006). They must also

3

adequately allege that there was official conduct so egregious that it "shocks the conscience and violates the decencies of civilized conduct." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998); Kaucher, 455 F.3d at 425. But even if the court were to consider amendments, the plaintiffs simply cannot make out a claim for a substantive due process violation, because the overarching point of their complaint is that the borough has *failed* to act. Plaintiffs cannot show affirmative action that shocks the conscience on the part of defendants.

Plaintiffs themselves demonstrate this point. They submitted several exhibits, (Doc. No. 35, at 7-28), which they contend are matters of public record, and undisputedly authentic, that they believe should be considered with their complaint.[1] But these exhibits themselves show that plaintiffs are unable to make out a claim for a constitutional violation under §1983. The exhibits are documents, dating from 1973 through 2012, which show correspondence between the federal and local government, plans and progress reports for flood prevention, and maps of flood plains. These exhibits demonstrate that there have been plans, and some actions, to address Duryea's propensity to have flooding issues. These exhibits do not, however, demonstrate that Duryea Borough officials took any affirmative actions that

---

[1] It is additionally noted that plaintiffs' motion and briefs do not indicate that their grounds for relief would be any different from those in their initial complaint, but simply that there are documents and matters of public record that would bolster their claim for a substantive due process violation.

4

shocked the conscience. They show that planning has been slow, that there have been delays and missed deadlines to file paperwork, but simply do not demonstrate that plaintiff can make a plausible claim for a substantive due process violation. Any amendment to the complaint would be futile.

Plaintiffs also make an argument that they drafted their complaint "in part" to meet the plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). (Doc. No. 39, at 5). They argue that their complaint focused on events leading up to the flooding in question, rather than "less specific allegations," and that thus they should be allowed to amend. This argument defies logic - the plausibility standard is meant to encourage specificity, and the standard must be met more than "in part" to survive dismissal. The specificity of plaintiff's complaint is exactly what demonstrates to the court that plaintiff does not have, and can not make out, a constitutional claim. Plaintiffs make many specific allegations about inaction on the part of the defendants, but do not allege any specific affirmative actions. To argue that being less specific would save their complaint may be true, but it is hardly compelling. Plaintiff's motion to amend their complaint is denied, as their allegations are legally insufficient to make out a claim for a substantive due process violation.

Whether the Court Impermissibly Weighed the Evidence

Plaintiffs allege that the court "weighed the allegations of the Complaint

as if they were evidence, and decided that the Complaint did not carry the burden of a Section 1983 cause of action." (Doc. No. 44, at 2-3). The plaintiffs allege that this was an error of law. In fact, the court did not "weigh" the allegations in the complaint, but accepted them as true, as it must do when considering a motion for judgment on the pleadings. Estelle v. Gamble, 429 U.S. 97 (1976). After reviewing the relevant case law spelling out the requirements to make out a claim for a substantive due process claim under the "state created danger" theory, the court determined that even assuming the allegations to be true, they do not amount to a claim for a constitutional violation. The court did not "weigh" the evidence, but accepted all of plaintiff's allegations as true, and found them to be legally insufficient. As the court noted in its previous opinion, the plaintiffs' allegations are negligence claims, not constitutional ones. Plaintiffs do not have a cause of action under §1983.

## IV.   CONCLUSION

In light of the foregoing, plaintiff's motion to alter or amend judgment is **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 22, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-1460-02.wpd